**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| VICKIE WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:23-cv-01360-MTS |
| ) | |
| FRANK BISIGNANO, *Commissioner of* ) | |
| *the Social Security Administration*,* ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss. Doc. [12]. For the reasons set forth below, the Court will deny the Motion to Dismiss without prejudice, order Defendant to file the Certified Administrative Record within 45 days of the date of this Memorandum and Order, and order Plaintiff to supplement the Complaint by submitting a copy of the Appeals Council's letter denying her request for review and a written response that complies with the instructions set forth in this Memorandum and Order.

**I. Background**

On October 25, 2023, Plaintiff Vickie Wright filed a pro se Complaint for Judicial Review of Decision of Commissioner of Social Security on the Court-provided form. Doc. [1]. Plaintiff alleges that her disability began in 2012 and that the Social Security Administration disallowed her applications for Disability Insurance Benefits and Supplemental Security Income. *Id.* at 2. She requested a hearing that was held in "2013 ap[p]roximately." *Id.* Plaintiff states that an

---

*Frank Bisignano is now the Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Bisignano is substituted as the proper defendant.

1

Administrative Law Judge ("ALJ") denied her claim in "2013 and other dates after Appeal[s] Coun[ci]l." *Id.*  She requested review of the ALJ's decision by the Appeals Council, which denied review in "2015 ap[p]roximately." *Id.*  Plaintiff alleges that she received the letter from the Appeals Council notifying her of its decision in "2017 ap[p]roximately" and "again 2022 2nd time," but she did not attach a copy of the letter to the Complaint as directed on the form. *Id.*  Although Plaintiff stated that she would attach the Appeals Council's letter at a later date, she has not yet done so. *Id.*

In the Original Filing Form, Plaintiff indicated that this same cause or a substantially equivalent complaint was previously filed in *Wright v. Kijakazi*, No. 4:21-cv-792-ACL ("*Wright I*"). Doc. [1-2].  In *Wright I*, after a previous remand, an ALJ issued an unfavorable decision on May 3, 2021, finding that Plaintiff had not been under a disability as defined in the Social Security Act from October 31, 2011, through May 3, 2021.  Doc. [12-1] at 5–25.  Wright filed a request for review of the ALJ's decision with the Appeals Council on May 17, 2021, which was denied. *Wright I*, Doc. [9] at 5–6; *see also* Doc. [40] at 2 n.2.  On June 30, 2021, Plaintiff filed a complaint in this District, seeking judicial review of the ALJ's May 3, 2021, decision. *Wright I*, Doc. [1]. After the parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1), *Wright I*, Doc. [17], the Magistrate Judge affirmed the Commissioner's decision and entered judgment on October 3, 2022, *Wright I*, Docs. [40], [41].  Plaintiff appealed, *Wright I*, Doc. [43], and the Eighth Circuit affirmed the Magistrate Judge's decision on April 20, 2023, *Wright I*, Docs. [46], [47].

In the instant case, Defendant moved to dismiss Plaintiff's Complaint for failure to state a claim, arguing that the Complaint should be dismissed because it is barred by res judicata. Doc. [12] at 3–6.  Pointing to Plaintiff's Original Filing Form and the allegations in the Complaint that

2

refer to dates from the previously-adjudicated time period from October 31, 2011, through May 3, 2021, Defendant argues that Plaintiff is impermissibly attempting to challenge the same May 3, 2021, decision that she challenged in *Wright I*. *Id.* Defendant also contends that the Complaint was not timely filed within 60 days of the May 3, 2021, decision becoming final and that there are no circumstances justifying equitable tolling in this case. *Id.* at 6–10. Defendant has not yet filed the Certified Administrative Record ("CAR"). Instead, Defendant has submitted a declaration of Lesha Cowell, the Chief of Court Case Preparation and Review from the Office of Appellate Operations at the Social Security Administration, Doc. [12-1] at 1–4, and three exhibits: (1) the ALJ's May 3, 2021, decision, *id.* at 5–32; (2) the October 3, 2022, judgment entered in *Wright I*, *id.* at 33; and (3) the Eighth Circuit's April 20, 2023, judgment and June 15, 2023, mandate, *id.* at 34–35.

Plaintiff has submitted memoranda opposing Defendant's Motion to Dismiss and inquiring about the status of the case. Docs. [13]–[17]. She complains that Defendant has not filed the entire CAR as he was ordered to do, and she asserts that Defendant's filings contain false and misconstrued statements. Doc. [13]–[15]. Plaintiff states that she has "always appealed on time to the . . . Appeal[s] Council," Doc. [13], and that she has proven she has a disability, Doc. [15]. Plaintiff avers that she will provide any additional information the Court requires, and she requests an extension of time to do so. Doc. [14].

## II.   Discussion

To obtain judicial review under 42 U.S.C. § 405(g), a Social Security claimant must show that she: (1) received a final decision of the Commissioner that was made after a hearing, (2) brought a civil action within 60 days after receiving notice of such final decision, and (3) filed the action in the district court for the district in which she resides or has her principal place of

3

business. 42 U.S.C. § 405(g); *Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975). "The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue." *Weinberger*, 422 U.S. at 764. The first requirement is "central to the grant of subject-matter jurisdiction" and empowers district courts to review only those decisions of the Commissioner that "are 'final' and 'made after a hearing.'" *Id.* The Commissioner will have made a "final decision" only after the claimant completes certain steps of the administrative process, which include a hearing before an ALJ and a request that the Appeals Council review the ALJ's decision. 20 C.F.R. § 416.1400(a).

Upon careful review, the Court finds that it requires additional information from the parties. First, Defendant must provide the complete CAR for the Court to review. In the Motion to Dismiss, Defendant asserts that Plaintiff is improperly attempting to relitigate the ALJ's May 3, 2021, decision based on the Original Filing Form and the Complaint's references to dates between October 31, 2011, and May 3, 2021. While most of the dates in the Complaint are from the same time period that was previously litigated in *Wright I*, Plaintiff also alleges that she received a second letter from the Appeals Council in 2022, Doc. [1] at 2, and nothing in the parties' filings or the record in *Wright I* clearly explains this allegation. As to Defendant's assertion that the Complaint is untimely, Plaintiff states that she has "always appealed on time" and that certain allegations in Defendant's filings are incorrect. Docs. [13], [14]. Further, as discussed in greater detail below, it is unclear which ALJ's decision Plaintiff intends to challenge. In light of these ambiguities and Plaintiff's pro se status, the Court declines to dismiss the Complaint as untimely or barred by res judicata without a complete record to review. Thus, the Motion to Dismiss will be denied without prejudice at this time, and Defendant will be ordered to file the complete CAR within 45 days of the date of this Memorandum and Order.

Second, the Court will give Plaintiff 21 days after the CAR is filed to supplement the Complaint by submitting a copy of the Appeals Council's letter denying her request for review and a written response to this Memorandum and Order that complies with the instructions set forth below.  Due to the Complaint's vague allegations and Plaintiff's failure to attach the Appeals Council's letter, the Court cannot discern which ALJ's decision Plaintiff intends to challenge, when the decision was entered, whether the decision is final, or whether Plaintiff's Complaint is timely.  To remedy this, Plaintiff must provide the following information in her written response: (1) the date of the ALJ's decision she is challenging, (2) the date she received notice of the ALJ's decision, (3) whether and when she requested that the Appeals Council review the ALJ's decision, and (4) the date she received the Appeals Council's letter denying review of the ALJ's decision.  The Court emphasizes that Plaintiff must provide the full date—in other words, the month, day, and year—of the each of the aforementioned events in her written response.  Vague allegations such as "2017 ap[p]roximately," and "again 2022 2nd time" will not be sufficient.  Plaintiff should also tell the Court where the decisions of the ALJ and the Appeals Council can be found in the CAR by citing to the relevant page numbers found in the bottom-right corner of the CAR's pages.  Plaintiff is advised that failure to timely comply with this Memorandum and Order will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [12], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant shall file the Certified Administrative Record **within forty-five (45) days** of the date of this Memorandum and Order.

**IT IS FINALLY ORDERED** that, **within twenty-one (21) days** of the filing of the Certified Administrative Record, Plaintiff shall submit: (1) a copy of the relevant Appeals Council's letter denying her request for review and (2) a written response that complies with the instructions set forth in this Memorandum and Order.

**If Plaintiff fails to comply with the instructions in this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 22nd day of September 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE