# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VICKIE WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:23-cv-01360-MTS |
| ) | |
| FRANK BISIGNANO, *Commissioner of* ) | |
| *the Social Security Administration*, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on Plaintiff Vickie Wright's Motion for Extension of Time, Doc. [24], seeking additional time to comply with this Court's September 22, 2025, Order. *Id.* That Order denied Defendant's Motion to Dismiss without prejudice because there was insufficient information in the record to determine whether Plaintiff is—as Defendant has argued—impermissibly relitigating an adverse decision authored by Administrative Law Judge Robin J. Barber ("ALJ Barber") on May 03, 2021. Doc. [18].[*] Accordingly, the Court required the Defendant to file the certified administrative record underpinning the May 2021 decision, and Defendant did so on December 09, 2025. Doc. [21] (certifying service to Plaintiff via FedEx mail). The Court also required Plaintiff to file (1) a copy of the relevant Appeals Council's letter denying her request for review, and (2) a written response containing four discrete pieces of information: "(a) the date of the ALJ's decision she is challenging, (b) the date she received notice of the ALJ's decision, (c) whether and when

---

[*] The May 03, 2021, decision constituted "the final decision of the Commissioner" and was affirmed by both this Court, *see Wright v. Kijakazi*, 4:21-cv-0792-ACL, 2022 WL 4760493, at *1, 13 (E.D. Mo. Oct. 3, 2022), and the U.S. Court of Appeals for the Eighth Circuit, *see Wright v. Kijakazi*, 22-3124, 2023 WL 3015226 (8th Cir. Apr. 20, 2023).

she requested that the Appeals Council review the ALJ's decision, and (d) the date she received the Appeals Council's letter denying review of the ALJ's decision." Doc. [18] at 5. This information would permit the Court to determine conclusively the nature of Plaintiff's present appeal and whether it was timely or otherwise precluded. *See* 42 U.S.C. § 405(g) (requiring Social Security claimants to seek judicial review within sixty days after notice of a final decision).

The Order gave Plaintiff between twenty-one and sixty-six days to prepare her submission. *Id.* (requiring her to file her response twenty-one days after Defendant's forty-five-day deadline to file the certified administrative record). But because of an intervening and unopposed extension, Plaintiff had *ninety-nine* days to assemble the information that the Court ordered her to provide. Plaintiff's submission was due on December 30, 2025. Even though the Court warned Plaintiff that "failure to timely comply . . . [with its order would] result in the dismissal of this action without prejudice and without further notice," *id.*, Plaintiff neither complied nor sought additional time to comply before that date. Accordingly, the Court entered an Order of Dismissal Without Prejudice on January 05, 2026, Doc. [23], "for Plaintiff's failure to follow the Court's order and for her failure to prosecute this case," Doc. [22] at 2.

Plaintiff now seeks additional time due to "neuropathy of [her] fingers" and because she "received the transcript from [Defendant] after [December] 09, 2025." Doc. [24]. Plaintiff also indicates that no further filings are necessary because she has submitted "the letter decision from the [Social Security] Appeal[s] Council/Judge Robin Barber several times to the U.S. District Court." *Id.* And she encloses a letter that she sent to the Social Security Appeals

Council on June 19, 2021, asking for confirmation that the Council received her written exceptions to ALJ Barber's decision.  Doc. [24-1].

Generally, courts will permit a filing out of time when the movant demonstrates good cause for the extension and excusable neglect for missing the original deadline.  *See* Fed. R. Civ. P. 6(b); *Stephen Gould Corp. v. Buckeye Int'l, Inc.*, 4:22-cv-00771-MTS, 2025 WL 1100027, at *1 (E.D. Mo. Apr. 14, 2025); *see also Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (setting forth the excusable neglect standard).  Plaintiff has not established excusable neglect here because she does not explain how either her ailment or her delayed receipt of documents pertaining to her 2021 appeal prevented her from providing the Court with the required information within the operative deadline or from seeking a timely extension.  After all, the Court ordered Plaintiff to file her submission based on her representations that she received an *additional* letter from the Appeals Council in 2022, Doc. [18] at 4, and the information that the Court ordered her to provide is ordinarily known to Social Security claimants and within their possession.

But even assuming Plaintiff established excusable neglect, the Court would not grant her Motion.  The limited information that Plaintiff has provided shows that an extension would be futile.  *See Rubenstein v. Am. Acad. of Actuaries*, 1:23-cv-00096, 2023 WL 4568506, at *5 (E.D. Tenn. July 17, 2023) (collecting cases and observing that courts "have found that good cause does not exist and therefore denied motions to extend [a] response time where, as a matter of law, such response would be futile").  Plaintiff's statements and her attached letter demonstrate that she is seeking to challenge ALJ Barber's decision once more.  Doc. [24]; Doc. [24-1].  Because that decision was affirmed by both this Court and the Eighth Circuit in a prior action, the propriety of ALJ Barber's decision "was finally decided in that litigation,

-3-

and [Plaintiff] is precluded from relitigating it here." *Cottrell v. Sullivan*, 987 F.2d 342, 344 (6th Cir. 1992) (citing *Nevada v. United States*, 463 U.S. 110, 130 (1983)).  Therefore, for all these reasons, the Court will deny Plaintiff's Motion, and this matter will remain closed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time, Doc. [24], is **DENIED**.

Dated this 2nd day of February 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE